THE STATE, DEFENDANT IN ERROR, v. GAUDENCE C. FAURE, PLAINTIFF IN ERROR.

A defendant charged with a criminal conspiracy, entered into by himself and other persons named in the indictment, cannot be convicted on proofs which fail to show that any of the other named persons were parties to the corrupt agreement, even though it appears from the undisputed evidence that the defendant had conspired to perpetrate the identical criminal act specified in the indictment with a third party, known to the grand jury, but not named by it as a party defendant.

Submitted July 6, 1922—Decided December 18, 1922.

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Merritt Lane.*

For the state, *Pierre P. Garven,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The defendant, Faure, was convicted upon an indictment charging him with conspiring with Anthony Brex and Alfonso Villani, "together with divers other evil disposed persons, whose names are to the grand inquest unknown," to steal certain sheep skins, being the

property of R. Neuman & Company, and the stealing of such skins in the execution of the criminal agreement. When the case was moved for trial it appeared that the defendant Villani was a fugitive from justice, and an application was made for a severance and the trial of Faure alone; the application being based upon the fact of Villani's absence, and the further fact that Brex had been subpœnæd as a witness for the state. The motion was granted, and the trial proceeded against the defendant Faure.

The proofs submitted on the part of the state in support of the charge laid in the indictment showed that the criminal agreement averred therein was originated by Faure and one Vogel, an employe of Neuman & Company, the latter not being named in the indictment. The scheme concocted by these two was that Vogel should steal the skins; that he should employ Brex to secretly carry them away from the Neuman premises; that the latter should deliver them to Villani, who had a place of business in Newark; that Villani should sell them, and that the proceeds of the sales should be divided among the four. The proofs further showed that this scheme originated by Faure and Vogel to rob Neuman & Company was carried out in accordance with the plans formulated by the two.

At the close of the trial counsel for the defendant submitted, among others, the following request: "It is not sufficient to convict the defendant to prove that he conspired with Vogel. The state must show a conspiracy with Brex or Villani." This request the court refused to charge, and instead instructed the jury as follows: "You cannot convict Faure unless you find that he did conspire with somebody, because the offence is one that is capable of enactment only through the joint conduct of two or more people; so if you find that this defendant unlawfully conspired with another person to commit the crime of larceny, and that one of those conspirators, but not the defendant or one of the others, did some overt act in furtherance of or in execution of the project, then there would be sufficient proof here for you to say that

he is guilty under this indictment." The refusal to charge the request and the instruction just recited are made the basis of the principal assignment of error.

The judicial action complained of was apparently rested upon the theory that because the indictment charged that the parties to the criminal conspiracy were not only Faure, Brex and Villani, but "divers other evil disposed persons, whose names are to the grand inquest unknown," Vogel might properly be considered to have been embraced in this class of unnamed persons, and that, therefore, a conspiracy between him and Faure would support a conviction had against the latter. But this theory is unsound, unless it was the fact that at the time of the preparation and presentation of the indictment Vogel was unknown to the grand inquest as a party to the criminal agreement. As was stated by this court in *State* v. *Smith,* 89 *N. J. L.* 52, it has never been doubted that if the name of a person which was necessary for a description of the crime was known it must be inserted in the indictment, the reason being that the defendant is entitled to know as fully as possible the precise charge made against him, so that he may properly prepare his defence. Where the name of the *particeps criminis* is in fact known to the grand jury, that body is justified by the necessity of the situation in stating that the name of such person is unknown to it, but a false recital of such a fact is absolutely without legal justification. The cases cited in the opinion referred to fully support this proposition. The question to be determined, therefore, is whether the grand jury in fact was ignorant of Vogel's participation in this conspiracy, or, if they were ignorant, whether they could have ascertained it with reasonable diligence. For, as was said in *Flanagan* v. *Plainfield,* 44 *Id.* 118, and reiterated in *State* v. *Smith, supra,* "To justify an averment that third persons are unknown, the case must be one in which they cannot be ascertained, not one where the grand jury willfully closes it eyes." It may be conceded for the purposes of the present case that the assertion contained in the indictment raises a presumption that at the

time of its finding and presentation the fact that Vogel was a principal party to the conspiracy was unknown to that body; but this presumption is not a conclusive one, and where the whole theory of the state's case submitted in support of the charge contained in the indictment is that the originators of and the prime movers in the conspiracy charged therein were the defendant and Vogel, and that Brex and Villani were merely tools used by them for the purpose of executing the conspiracy, the presumption in favor of the truth of the averment is overcome to the extent at least that the state is called upon to support it by independent proof. This not having been done, we think that, under the doctrine of the cases referred to, the request to charge which was submitted should have been granted and that the instruction to the jury was erroneous. This conclusion necessarily leads to a reversal. The principle declared is not a mere abstraction, and the result of its application is that a defendant charged with a criminal conspiracy, entered into by himself and other persons named in the indictment, cannot be convicted on proofs which fail to show that any of the other named persons were parties to the corrupt agreement, even though it appears from the undisputed evidence that the defendant had conspired to perpetrate the identical criminal act specified in the indictment with a third person, known to the grand jury, but not named by it as a party defendant.

Another assignment of error is directed at the instruction of the court to the jury with relation to the matter of reasonable doubt. After having properly expressed to the jury what is meant by these words the court concluded by saying, "if in this case you shall have a doubt that rests upon a reason arising out of evidence or lack of evidence, you *may* give the defendant the benefit of the doubt." The argument in support of the assignment is that by the latter clause of this sentence the jury was left free to give to or refuse to the defendant the benefit of a reasonable doubt, as their judgment should indicate. We think that, as an abstract proposition, the criticism is entirely justified, but we find in other parts of the

charge, with relation to this subject, statements which *require* the jury to give the defendant the benefit of reasonable doubt, if it should exist in their minds after a consideration of all the testimony, and, as a result, to acquit him. Whether or not the fact that the part of the charge which has been attacked by counsel for the defendant is not only so out of harmony with the other portions of the instruction to the jury upon the subject of reasonable doubt as to leave the minds of the jury in a state of uncertainty as to their duty, or whether, in view of the whole charge, it was made plain that the word "may" was a mere inadvertence, and that the duty of giving the defendant the benefit of a reasonable doubt was compulsory, is a matter upon which the members of this court are not as one, and, as the case must be reversed upon the ground which has been already indicated, we do not find it necessary to decide whether or not this second alleged error is justly assigned.

We have considered the other errors assigned by the defendant, but find that in none of them is there legal merit. Nor are any of them of sufficient importance to require discussion by us.

The conviction under review will be reversed.